**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Johnathan J. Newman, II | ) | CASE NO:  5:26CV00269 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Village of Minerva, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**I. Introduction and Background**

*Pro se* plaintiff Johnathan J. Newman, II, filed this civil rights action against the Village of Minerva, Patricia Miller, Big ARBS Enterprises LLC, Rocky Grim, Marissa Flowers, John Flowers, Tracie Nigro, Lucas Nigro, Kenny Speakman, Marilyn K. Westfall, Lisa P. Lizzoli, and Ernie W. Sallade, Jr. (Doc. No. 1). Plaintiff's complaint consists of several seemingly random phrases, words, and purported federal laws, including Privacy Act, Immunities Clause, Drive Way, Power of Attorney, and Fair Housing Act. (*Id.* at 5), and 170 pages of exhibits. The exhibits include an "Original Brief" identifying various federal acts; printouts of different federal laws, including 40 U.S.C. § 1313 (releasing property from attachment), Contract Disputes Act, Federal Housing Act, 42 U.S.C. § 1985 (conspiracy to interfere with civil rights), the Internal Revenue Code, and Administrative Services Act of 1949; Minerva Police Department incident reports; correspondence with the Ohio Civil Rights Commission concerning a

charge of discrimination; loan documents; and payment documents with the USDA Rural Development, statements, and insurance documents. (*See* Doc. Nos. 1-2 through 1-5).

For relief, Plaintiff lists the following: restoration of rights, enforcement of contracts, recognize civil rights, redress of grievances, "blocking driveway," Fair Housing Act, Loss of Privacy Act, loss of income, property damage, marriage and divorce record, and Big ARB LLC tax documents. (*See* Doc. No. 1 at 5-6).

Plaintiff also filed an application to proceed *in forma pauperis*. (Doc. No. 2). The Court grants that application.

## II. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Discussion

The Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading requirements." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (District courts are not required to conjure up questions never squarely presented to them or to construct full claims from sentence

fragments. To do so would "require . . . [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff. . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.") (citation omitted). Although specific facts are not required, to meet the basic minimum notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, plaintiff's complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds on which they rest. *See Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008); *see also Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (all complaints must contain either direct or inferential allegations respecting all material elements of some viable legal theory to satisfy federal notice pleading requirements) (citations omitted).

Here, the complaint, even liberally construed, fails to meet the most basic pleading standard, as the pleading fails to set forth "a short and plain statement of [any] claim showing that [Plaintiff] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint is completely devoid of any factual allegations, it fails to connect any alleged occurrence to a specific injury, and the complaint fails coherently to identify how each defendant has harmed Plaintiff. Additionally, the complaint fails to assert a cognizable claim within the jurisdiction of this Court based on recognized legal authority. The vague and conclusory phrases such as "civil rights," "unlawful discriminatory practice," and HIPPA, and the outline of numerous purported federal Acts are insufficient. Plaintiff's pleading, at best, is nothing more than a mere "unadorned, the defendant unlawfully

4

harmed me accusation." *Iqbal*, 556 U.S. at 678. The complaint therefore fails to meet the minimum pleading requirements of Rule 8, and it must be dismissed on this basis. *Id.*

### IV. Conclusion

Accordingly, the Court GRANTS Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) and DISMISSES the action pursuant to 28 U.S.C. §1915(e). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be made in good faith.

**IT IS SO ORDERED.**

June 17, 2026            ____*/s/ John R. Adams*_____
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT